IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

STEVEN C. GREEN,

    Petitioner-Defendant,

v.

UNITED STATES OF AMERICA,

    Respondent-Plaintiff.

Civil Action No. 1:11-CV-176
Criminal Action No. 1:09-cr-21-1
(Bailey)

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of the Honorable United States Magistrate Judge David J. Joel [Cr. Doc. 174; Civ. Doc. 13]. While this matter was initially assigned to the Honorable District Judge Irene M. Keeley, all further proceedings in the case were transferred to this Court pursuant to 28 U.S.C. § 455(a) on May 20, 2013 [Cr. Doc. 183; Civ. Doc. 16]. Magistrate Judge Joel filed his R&R on March 2, 2012 [Cr. Doc. 174; Civ. Doc. 13]. In that filing, the magistrate judge recommended that this Court deny and dismiss the petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Cr. Doc. 147; Civ. Doc. 6] because the petitioner failed to meet the two prongs of ***Strickland*** to demonstrate any claims of ineffective assistance of counsel [Cr. Doc. 174; Civ. Doc. 13]. Additionally, the R&R concludes that the petitioner's claims that the United States does not have jurisdiction over crimes occurring within a sovereign state, and that Titles 18 and 21 of the United States Code were not properly ratified should be dismissed (*Id.*). Finally, the magistrate judge

1

recommended that this Court deny the petitioner's Motion for an Intervention of Right [Cr. Doc. 172; Civ. Doc. 12] because the petitioner's arguments regarding jurisdiction and the constitutionality of Titles 18 and 21 are frivolous.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A return receipt for the R&R was filed on March 9, 2012, which reflected that service of the document was accepted on an unspecified date [Cr. Doc. 175; Civ. Doc. 14]. The petitioner filed his timely objections on March 15, 2012 [Cr. Doc. 176; Civ. Doc. 15]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

### A. Initial Charges, Trial, and Sentencing History

On February 19, 2009, the Grand Jury charged the petitioner in two counts of a three count Indictment [Cr. Doc. 1]. Count One charged the petitioner and co-defendant Cheryl Goff with conspiracy to possess with intent to distribute more than five grams of cocaine base, while Count Two charged petitioner solely with possession with intent to distribute more than five grams of cocaine base [*Id.* at 1-2]. Both charges represent violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846 [*Id.* at 1-2]. At trial, on May 14, 2009, the petitioner was convicted of Count One, while the Honorable Irene M. Keeley declared a mistrial on Count Two [Cr. Doc. 65]. Judge Keeley then granted the Government's motion to dismiss Count Two [Cr. Doc. 66]. The petitioner was represented by Federal Public Defender Brian Kornbrath during trial proceedings [Cr. Doc. 8]. The petitioner appeared before Judge Keeley for sentencing on September 15, 2009, at which time he was sentenced to a term of Ninety-Seven months imprisonment, followed by a four-year term of supervised release [Cr. Doc. 108]. By Order dated January 12, 2012, Judge Keeley reduced the term of the petitioner's imprisonment to Seventy-Eight months [Cr. Doc. 156].

### B. Petitioner's Direct Appeal

The petitioner appealed his case to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), wherein he asserted that the "district court abused its discretion in denying his motions for a mistrial and a new trial and in admitting [his co-defendant's] statements against him." **United States v. Goff**, F. App'x 768, 770 (4th Cir., Dec. 10, 2010) [Cr. Doc. 130]. The Fourth Circuit affirmed the petitioner's

conviction (*Id.* at 773) [Cr. Doc. 130], and he did not file a petition for a writ of certiorari in the United States Supreme Court.

### C.     Petitioner's 28 U.S.C. § 2255 Motion

On November 11, 2011, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, alleging that the United States lacked subject-matter jurisdiction to charge petitioner with a narcotics offense, because the United States does not have jurisdiction over crimes within a sovereign state and because Titles 18 and 21 of the United States Code were not properly ratified [Cr. Doc. 147; Civ. Doc. 6]. The petitioner's 28 U.S.C. § 2255 Motion also alleges six separate reasons as to why his trial counsel rendered ineffective assistance of counsel [Cr. Doc. 147; Civ. Doc. 6], while his original 28 U.S.C. § 2255 Motion asserts four additional claims of ineffective assistance of counsel [Cr. Doc. 138; Civ. Doc. 1]. On December 1, 2011, the petitioner also filed a Motion for Leave to File Excess Pages [Cr. Doc. 146; Civ. Doc. 5], which The Honorable James E. Seibert, United States Magistrate Judge, granted in part and denied in part in a text-only order on December 2, 2011 [Cr. Doc. 150]. However, on January 11, 2012, the Honorable David J. Joel recognized that Magistrate Judge Seibert was not assigned to the case, and issued an order vacating the paperless order and granting the petitioner's motion for leave to file excess pages [Cr. Doc. 155; Civ. Doc. 8]. On the same day, Magistrate Judge Joel directed the Government to respond within twenty-eight days to the petitioner's 28 U.S.C. § 2255 Motion [Cr. Doc. 154; Civ. Doc. 7].

### D. Government's Response and Petitioner's Reply

The Government responded to the petitioner's motion on January 30, 2012 [Cr. Doc. 170; Civ. Doc. 11]. In its Response, the Government asserts that the petitioner's subject-matter jurisdiction challenges are frivolous because the federal government can regulate conduct substantially affecting interstate commerce, because Titles 18 and 21 were constitutionally enacted, and because the United States District Court for the Northern District of West Virginia was validly established [Cr. Doc. 160 at 5; Civ. Doc. 10 at 5]. The Government also contends that the Indictment was sufficient because it did not need to allege an interstate commerce nexus, and that the petitioner has procedurally defaulted this challenge (*Id.* at 6). Moreover, the Government argues that the petitioner does not assert any facts demonstrating that the Grand Jury selection substantially failed to comply with required procedures and that his challenge was procedurally waived (*Id.*). Finally, the Government contends that the petitioner has failed to demonstrate that his trial counsel was deficient in any way (*Id.* at 7).

In his Reply, petitioner reiterates the same arguments raised in his Motion and his Court-Approved Motion, but also asserts that his attorney rendered ineffective assistance of counsel by not fulfilling his ethical obligation to conduct a thorough investigation [Cr. Doc. 170; Civ. Doc. 11].

### E. Magistrate Judge Joel's Report and Recommendation

The magistrate judge entered his R&R on March 2, 2012, which consolidates portions of and subsequently rejects all seven of the petitioner's claims of ineffective assistance of counsel [Cr. Doc. 174; Civ. Doc. 13]. In so finding, the R&R thoroughly addressed the application of the two-pronged ***Strickland*** test to this petition and

5

concluded that the petitioner has failed to demonstrate that his counsel rendered ineffective assistance of counsel at sentencing or on direct appeal. (*Id.*). Additionally, the R&R concludes that the petitioner's claims that the United States does not have jurisdiction over crimes occurring within a sovereign state, and that Titles 18 and 21 of the United States Code were not properly ratified should be dismissed (*Id.*). Finally, the magistrate judge recommends that the petitioner's Motion for Right of Intervention be denied because, again, the petitioner's challenges regarding the Court's subject matter jurisdiction are baseless (*Id.*). The petitioner filed his timely objection on March 15, 2012 [Cr. Doc. 176; Civ. Doc. 15].

### III. Applicable Law

**A.    The Court's Subject Matter Jurisdiction**

The United States Government has jurisdiction to regulate conduct that substantially affects interstate commerce regardless of whether the land where criminal activity occurred is owned by the United States. *See United States v. Lopez*, 514 U.S. 549, 558-560 (1995) ("Where economic activity substantially affects interstate commerce, legislation regulating that activity will be sustained."); *see also Gonzales v. Raich*, 545 U.S. 1 (2004); *United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995) (determining that Section 401(a)(1) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 is constitutional because "Congress has the authority under the Commerce Clause to criminalize the intrastate possession, distribution, and sale of controlled substances"); *United States v. Martin*, No. 3:07CR122, 2009 WL 2434598, at *1 (E.D. Va., Aug. 6, 2009) (finding petitioner's claim that federal courts lack jurisdiction to prosecute crimes that do not occur on federal

6

property to be "completely devoid of merit"). When a defendant is charged with committing a crime against the United States, this Court retains jurisdiction per 18 U.S.C. § 3231. In the petitioner's case, the Government had jurisdiction to charge him with crimes involving drug distribution despite not owning the land on which these crimes occurred.

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. This means that a counselor's performance must meet the "legal profession's maintenance of standards sufficient to justify the law's presumption that counsel will fulfill the role in the adversary process that the Amendment envisions" as judged against a reasonableness standard of "prevailing professional norms." *Id.* at 688. However, it is not up to the reviewing court to "grade" a counselor's performance at trial, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). The

reviewing court must not "second-guess" counsel's performance but instead must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002).

In order to satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.'" *Id.* (citing *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

## IV. Discussion and Analysis

### A. Petitioner's Subject Matter Jurisdiction Challenges

The petitioner, in both his objection and in his Court-approved 28 U.S.C. § 2255 Motion, asserts that the Court did not have subject matter jurisdiction to have decided his case because Titles 18 and 21 of the United States Code were not properly ratified and are legal nullities per a series of Congressional Journals that he has submitted to the Court [Cr. Doc. 176; Civ. Doc. 15, at 3]. The petitioner asserts that ***Cohens v. Virginia***, 19 U.S. 264 (1821), stands for the proposition that ". . . to refuse to accept jurisdiction is given or to usurp jurisdiction that is not given are both instances of TREASON (emphasis added) to the Constitution of the United States of America" (*Id.*). He also contends that because the statutes in question were unlawfully enacted, this Court's exercise of jurisdiction represents "an encroachment upon the sovereignty of the State of conviction [, West Virginia]," and his conviction should be overturned (*Id.* at 1); citing ***Bond v. United States***, 131 S.Ct. 2355 (2011).

As the R&R submitted by Magistrate Judge Joel extensively and effectively demonstrates, the petitioner's claims regarding this Court's subject matter jurisdiction are frivolous and without merit. For the reasons set forth within the R&R and per the reasons set forth below, this Court hereby **OVERRULES** the petitioner's objection to this Court's subject matter jurisdiction over his case.

### i. Petitioner's Claims that Titles 18 and 21 of the United States Code Were Invalidly Enacted

The petitioner's Court-approved 28 U.S.C. § 2255 Motion [Cr. Doc. 147; Civ. Doc. 6] and objection to Magistrate Judge Joel's R&R assert that this Court does not

9

have subject matter jurisdiction to have decided his case because Titles 18 and 21 of the United States Code were not properly ratified and are legal nullities per evidence derived from a series of Congressional Journals that he has submitted to the Court [Cr. Doc. 176; Civ. Doc. 15, at 3]; citing **Cohens v. Virginia**, 19 U.S. 264 (1821).

The R&R submitted by Magistrate Judge Joel clearly outlines the Constitutional validity of Title 18 and 21's respective enactments [Cr. Doc. 174; Civ. Doc. 13], which disprove the redundant arguments made by the petitioner in his 28 U.S.C. § 2255 Motion and in his objection [Cr. Doc. 176; Civ. Doc. 15]. The petitioner is apparently directing this Court towards exploring the notion that 18 U.S.C. § 3213 was enacted in an unconstitutional manner, but contends in his objection that his case is "distinctively different [from those 18 U.S.C. § 3213 cases cited by the R&R] as he has submitted actual Certified Congressional Journals supporting his claim." (*Id.*). That contention is patently false. Accordingly, the Court directs the petitioner to The Honorable Judge Fredrick P. Stamp, Jr.'s opinion in **Webb v. Driver**, 2009 WL 529827, 4-5 (N.D.W.V 2009):

> The petitioner objects that the magistrate judge failed to consider the 117 pages of documentation from the 80th Congress which the petitioner claims provide "overwhelming direct evidence" supporting his claim for relief pursuant. . . In essence, the petitioner appears to argue that the magistrate judge erred by failing to recognize that the claims the petitioner asserts in his amended complaint and the documentation in support thereof were properly brought. . . The petitioner's objections lack merit.

Given the conclusions set forth by the magistrate judge's R&R and the reasons set forth above, this Court hereby **OVERRULES** the petitioner's objection to this Court's subject matter jurisdiction on the grounds that Titles 18 and 21 were enacted in an unconstitutional manner.

### ii. Petitioner's "Encroachment Upon the Sovereignty of the State of West Virginia" Argument

The petitioner contends that because Titles 18 and 21 of the United States Code were invalidly enacted by Congress, this Court's exercise of jurisdiction represents "an encroachment upon the sovereignty of the State of conviction [, West Virginia]," and, as such his conviction should be overturned. (*Id.* at 1); citing *Bond v. United States*, 131 S.Ct. 2355 (2011). The petitioner claims that *Bond* may be used to aid a "federal prisoner in challenging the Statute under which he was convicted as being an expansion of what federalism encounters [, because that Statute represents] an encroachment upon the sovereignty of the State of conviction" [Cr. Doc. 176; Civ. Doc. 15]. The petitioner is correct in noting that the Supreme Court's holding in *Bond* gives a federal prisoner standing to challenge the statute that was used to convict him or her (131 S.Ct. at 2360). But the mere citation of *Bond* does not constitute *prima facie* evidence of Title 18's constitutional invalidity. Given that those sections of the United States Code were validly enacted, the petitioner's argument fails miserably.

Should the petitioner be left with any qualms with regards to state law versus federal law, this Court would direct the petitioner to the Supremacy Clause. In *Gonzales v. Raich*, 545 U.S. 1, 29 (2005) the Supreme Court held "the Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail. It is beyond peradventure that federal power over commerce is 'superior to that of the States to provide for the welfare or necessities of their inhabitants,' however legitimate or dire those necessities may be." Therefore, this Court hereby **OVERRULES** the petitioner's objection.

B.  Petitioner's Ineffective Assistance of Counsel Challenges

The petitioner's objection to the R&R maintains that he was "subjected to ineffective assistance of counsel as outlined in his petition and traverse" and that his counselors were "grossly ineffective for [failing] to raise all jurisdictional issues presented in the Petition and Traverse" [Cr. Doc. 176; Civ. Doc. 15]. The petitioner also notes that there is some sort of grand conspiracy in place among all Federal Public Defenders, the Corrections Corporation of America, and the Federal prison system in general wherein, according to the petitioner, counselors intentionally fail to raise jurisdictional arguments in order to maintain the Federal prison system's inmate population. The Court has carefully conducted a *de novo* review of the petitioner's objections to the R&R regarding the claims of ineffective assistance of counsel and finds that they have been clearly and thoroughly addressed by the R&R submitted by Magistrate Judge Joel and are baseless and meritless at their core. Therefore, this Court hereby **OVERRULES** the petitioner's objections relating to ineffective assistance of counsel.

V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Cr. Doc. 174; Civ. Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons stated above and in the magistrate judge's report. Further, the plaintiff's Objections **[Cr. Doc. 176; Civ. Doc. 15]** are **OVERRULED**. Accordingly, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 **[Cr. Doc. 138; Civ. Doc. 1]**, and Motion For Intervention of Right **[Cr. Doc. 172; Civ. Doc. 12]** are hereby **DENIED**

for the same reasons as stated above. As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** May 30, 2013

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE