# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG

CHERYL L. GOFF,

    Petitioner,

v.                                                     Civil Action No. 1:11-CV-185
                                                       Criminal Action No. 1:09-CR-21

UNITED STATES OF AMERICA,         (Bailey)

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge James E. Seibert [Civ. Doc. 12; Cr. Doc. 179]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on April 19, 2012 [Civ. Doc. 12; Cr. Doc. 179]. In that filing, the magistrate judge recommended that this Court deny and dismiss the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") because the "Petitioner's claims are without merit" [Civ. Doc. 12; Cr. Doc. 179].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service of the R&R was accepted by the Petitioner on April 24, 2012 [Civ. Doc. 13; Cr. Doc. 180]. No timely objections were filed.

The instant case features a unique set of timing-based procedural oddities. The petitioner filed an initial § 2255 Motion on November 21, 2011 [Civ. Doc. 1, Cr. Doc. 140], and the Court sent the petitioner a Notice of Deficient Pleading on the same day [Civ. Doc. 4, Cr. Doc. 144]. The petitioner filed a Court-Approved § 2255 Motion on December 16, 2011 [Civ. Doc. 6, Cr. Doc. 151]. Magistrate Judge Seibert then issued an Order directing the respondent to answer the petitioner on January 25, 2012 [Civ. Doc. 7, Cr. Doc. 159].

The respondent filed its requisite answer on February 21, 2012, in the form of a Response in Opposition to the Petitioner's § 2255 Motion [Civ. Doc. 9, Cr. Doc. 169]. On March 21, 2012, Magistrate Judge Seibert granted the petitioner a deadline extension [Civ. Doc. 10, Cr. Doc. 177] to allow her to reply to the Government's Response in Opposition, which the petitioner accepted on March 26, 2012 [Civ. Doc. 13, Cr. Doc. 178]. It is of note that the petitioner filed a Motion Request for Leave to Respond to Any Argument of the Government on November 21, 2011 [Civ. Doc. 2, Cr. Doc 142], which Magistrate Judge Seibert considered when granting the extension and setting an April 18, 2012 deadline.

Despite the month-long extension, the petitioner missed the April 18, 2012 deadline

2

and Magistrate Judge Seibert wrote and filed his R&R on April 19, 2012 [Civ. Doc. 12, Cr. Doc. 179]. The Petitioner's Reply to the United State's Opposition to Petitioner's Motion to Vacate was finally sent on April 22, 2012 and was received by the Court on April 30, 2012 [Civ. Doc. 14, Cr. Doc. 181]. This Court has carefully examined and reviewed the Petitioner's Reply [Civ. Doc. 14, Cr. Doc. 181], and has used a liberal reading of that document to determine whether an objection to Magistrate Judge Seibert's R&R was contained therein. Yet even under this liberal construction, the petitioner's Reply cannot be construed as an objection to the R&R filed by Magistriate Judge Seibert. Because of its timing and given as it merely reiterates the petitioner's arguments in her § 2255 Motion [Civ. Doc. 9, Cr. Doc. 169], it does not address any of the conclusions or recommendations reached within the R&R. The petitioner received Magistrate Judge Seibert's R&R on April 24, 2012 [Civ. Doc. 13, Cr. Doc. 180], which was two days after she submitted her Reply to the Government's Response in Opposition to the Petitioner's § 2255 Motion on April 22, 2012 [Civ. Doc. 9, Cr. Doc. 169]. Accordingly, this Court has reviewed the R&R for clear error.

Upon careful review of the report and recommendation, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation **[Civ. Doc. 12, Cr. Doc. 179]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated by the magistrate judge. As such, this Court hereby **DENIES** and **DISMISSES without prejudice** the petitioner's § 2255 petition **[Civ. Doc. 1, Cr. Doc. 140; Civ. Doc. 6, Cr. Doc. 151]**. Therefore, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** July 3, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE